■ DAVID ROSENZWEIG, Respondent, v. ARISTA TRUCK RENTING CORP., Defendant and Third-Party Plaintiff-Appellant. J. C. TRUCK EQUIPMENT, INC., Defendant and Third-Party Defendant-Respondent-Appellant, et al., Defendant. — In an action to recover damages for personal injuries based upon breach of warranty and negligence, the appeals are as follows from a judgment of the Supreme Court, Kings County, entered October 14, 1968 (1) in favor of plaintiff against appellants upon a jury verdict and (2) dismissing the cross complaint of defendant Arista Truck Renting Corp. against defendant J. C. Truck Equipment, Inc., upon decision of the trial court: Each said defendant appeals from only so much of the judgment as is against it. Judgment reversed insofar as appealed from by defendant J. C. Truck Equipment, Inc., on the law and the facts, with costs to said defendant against plaintiff, and complaint dismissed as to said defendant. Judgment otherwise modified, on the law, by striking out all its provisions in favor of plaintiff against defendant Arista Truck Rental Corp.,

and, as between plaintiff and the latter defendant, action severed and new trial granted, with costs to abide the event, and judgment, insofar as appealed from, affirmed as so modified; the questions of fact as between plaintiff and said defendant have not been considered. Plaintiff sought to recover for injuries allegedly caused by a defective hydraulic lift installed by defendant J. C. Truck Equipment, Inc., on a truck owned by defendant Arista Truck Renting Corp. and leased to plaintiff's employer. In product liability cases we have held that "in order for plaintiff to succeed under either of his causes of action" [negligence and breach of warranty] it is necessary for him to demonstrate that the instrumentality causing injury was "in a defective condition on the date it was delivered" (*Cascia* v. *Maze Woodenware Co.,* 29 A D 2d 964, mot. for lv. app. den. and dec. amd. 30 A D 2d 806, affd. 23 N Y 2d 1000; *Natale* v. *Pepsi-Cola Co.,* 7 A D 2d 282). Plaintiff has not sustained the burden of proof on this issue. Accordingly, there was no evidence to support the jury's verdict against J. C. Truck Equipment, Inc.; and the judgment against it must therefore be reversed and the complaint dismissed. For this same reason, dismissal of the cross complaint of defendant Arista against J. C. Truck Equipment was correct. As for defendant Arista, a crucial issue was its notice of the claimed defective condition prior to the accident. Arista denied receiving such notice. The only evidence on this point was the testimony of a fellow employee of plaintiff as to a telephone conversation between their employer and an officer of Arista. This witness was not a party to the telephone conversation although he was present in his employer's office at the time. This testimony, which clearly was hearsay, was received into evidence over objection by Arista. In our opinion, this was prejudicial error requiring a new trial as between plaintiff and Arista. Beldock, P. J., Christ, Munder, Martuscello and Kleinfeld, JJ., concur.