■ Ethel Bernstein et al., Plaintiffs, v Red Apple Supermarkets, Inc., Defendant and Third-Party Plaintiff-Appellant. Dumont Rental Service, Third-Party Defendant-Respondent. [658 NYS2d 309] —Judgment, Supreme Court, New York County (Carol Huff, J.), entered June 21, 1996, insofar as appealed from, dismissing the third-party complaint as a matter of law, unanimously affirmed, with costs.

The evidence at trial demonstrated that there was a slit or tear in the carpeted floor mat at the entrance to third-party plaintiff's store that caused plaintiff to trip, fall and to sustain injuries. Third-party plaintiff seeks indemnity or contribution from third-party defendant who supplied it with the mat, but its third-party complaint was dismissed during trial for failure to make out a prima facie case. The dismissal was proper. Third-party plaintiff adduced no evidence of a defect in the mat when it left the custody and control of third-party defendant, and also failed to eliminate other possibilities for the existence of the tear, such as the daily rolling up of the mat and frequent handtruck activity over the mats during deliveries (*see, Rosenzweig v Arista Truck Renting Corp.*, 34 AD2d 542). Concur—Murphy, P. J., Tom, Andrias and Colabella, JJ.